Person Filing: Kyle Timco

Address (if not protected): 8808 Tamarack Drive

City, State, Zip Code: Shelby Township Michigan 48317

Telephone: 5864572071

Email Address: kylejordantimco@gmail.com

Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

```
☑ FILED          ___ LODGED
☑ RECEIVED       ___ COPY

    JAN 21 2022

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY                   DEPUTY
```

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

*[handwritten/stamped text partially illegible:]* ...THIS ...IN ...FORM ACCORDING TO ... ...ES AND PRACTICES AN ... ...BY THE COURT.

PER... LLCiv P 5.4

(Rule Number/Section)

Kyle Timco
_____
Name of Plaintiff

Case Number: **CV22-00123-PHX-JJT**

Title: **CIVIL COMPLAINT**
Legal Malpractice, Misconduct,

Angela Kircher
_____
Name of Defendant

Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

## JURISDICTION and VENUE

1. Maricopa County Superior Court has the legal authority to hear and decide this case because: *(Check all boxes that are true.)*

   ☒ The value of this case exceeds $10,000 dollars.

   ☐ Replevin or other nonmonetary remedy will take place in Maricopa County.

   ☐ The Plaintiff resides in Maricopa County.

   ☒ The Defendant resides in Maricopa County.

   ☒ The Defendant does business in Maricopa County.

   ☒ The events, actions, or debts subject of this Complaint occurred in Maricopa County.

   ☒ Other reason: I live out of state so this case might need to be considered a federal case.
   _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f  070118

## DISCOVERY TIER

2. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign my case to the following tier based on the amount of damages I request.

☐ Tier 1 = Actions claiming $50,000 or less in damages.

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages,

OR  Actions claiming nonmonetary relief.

☒ Tier 3 = Actions claiming $300,000 or more in damages.

## PARTIES

3. The Plaintiff in this case is ___Kyle Timco_____

_____

4. The Defendant in this case is ___Angela Kircher, Phillip Jay Mccarthy, Agape Adoption Agency, Lisa Simpson, Andreanne Stogner___

_____

## STATEMENT OF FACTS AND BREACH

5. Andreanne Stogner has concealed my daughter from me since the child was born. Andreanne has accepted payments from me multiple times since the child was born. She has broken plans to raise the child together multiple times.

6. Andreanne has neglected the child twice for periods of around 6 months, leaving the child with Andreannes cousin Krissy Dewoody. Krissy Dewoody contacted me on her own accord, to let me see my daughter and to tell me about the neglect.

7. Maricopa County instructed me to file the petition in Maricopa County since that was where the child and the mother resided. In the courts parenting class it also mentions that parental custody matters should be attempted outside of court since the court really complicates matters exponentially.

8. I filed for a default hearing and waited the 10 days to file for a hearing, and it wasnt untill the 11th day, did Andreanne and Phillip respond, which they filed a response through juvenile court in Phillips home town.

9. Custody and placement should have been granted to me on May 16th, instead Coconino Court has taken complete control of this matter, while infringing on my rights, and causing irreparable damage to my child's and my own mental health and well being.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f  070118

41128458-000001-12-22-00

Case Numbers _____

Evidence and testimony is being supressed by the judge and the opposing parties, and misinformation and misleading instructions are giving to me.

10. _____

I am threatened by Angela Kircher with sanctions if i file documents myself. Adequate counsel and preperation is not being supplied to me.

_____

(If you need more space, add an attachment labeled "Statement of Facts and Breach," and continue consecutive numbering.)

## APPLICABLE LAW SUPPORTING CLAIMS

(    ) on attatcheed documents _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(If you need more space, add an attachment labeled "Applicable Laws Supporting Claims," and continue consecutive numbering.)

## INJURIES

(    ) Mental Trauma and Abuse, financial loss, pain and suffering _____

Might potentially lose my daughter, who is priceless.

19,000 covid deaths and counting in arizona, the state is putting my daughters life at risk,

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 070118

41128458-000001-12-22-00

Case Number: _____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(If you need more space, add an attachment labeled "Injuries," and continue consecutive numbering.)

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant(s), and each of them (if applicable) for the following dollars, interest, costs and expenses incurred herein, **or** non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

(    ) 1,000,000 dollars from every party participating in the concealment of my daughter from me.

_____

(    ) A restraining order on everyone participating in the concealment of my daughter from me

_____

(    ) Full custody and placement of my daughter to Kyle Timco

_____

(    ) Birth Certificate Amended so that I am listed as Fathe

Angela Kircher guarenteed a response for the case within 60 days and breached

_____

(If you need more space, add an attachment labeled "Demand for Relief," and continue consecutive numbering.)

Dated this _____.

*(Date of Signature)*

_____

*(Signature of Plaintiff or Plaintiff's Attorney)*

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f  070118

41128458-000001-11-22-00



Person Filing: Kyle Timco
Address (if not protected): 8808 Tamarack Drive
City, State, Zip Code: Shelby Township Michigan 48317
Telephone: 5864572071
Email Address: kylejordantimco@gmail.com
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer   or   ☐ Attorney for   ☐ Plaintiff   OR   ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Kyle Timco
_____
Name of Plaintiff

Angela Kircher
_____
Name of Defendant

Case Number: _____

Title: **PLAINTIFF'S DEMAND for JURY TRIAL**

Plaintiff, Kyle Timco _____, demands a trial by jury in this case. If this
                    *(Name of Plaintiff)*

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this ___1-13-22___
            *(Date of signature)*

_____
*(Signature of Plaintiff or Plaintiff's Attorney)*

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                Page 1 of 1                CVC11f 050718

41128458-000001-11-22-00

104TH CONGRESS 1ST SESSION

S. 984

To protect the fundamental right of a parent to direct the upbringing of a child, and for other purposes.

IN THE SENATE OF THE UNITED STATES

JUNE 29 (legislative day, JUNE 19), 1995

II

Mr. GRASSLEY (for himself, Mr. LOTT, Mr. HELMS, and Mr. COCHRAN) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

A BILL

To protect the fundamental right of a parent to direct the upbringing of a child, and for other purposes.

1 2 3 4 5 6 7 8 9

10

Be it enacted by the Senate and House of Representa- tives of the United States of America in Congress assembled, SECTION 1. SHORT TITLE.

This Act may be cited as the "Parental Rights and Responsibilities Act of 1995".

SEC. 2. FINDINGS AND PURPOSES.

(a) FINDINGS.—Congress finds that—

(1) the Supreme Court has regarded the right of parents to direct the upbringing of their children as a fundamental right implicit in the concept of or-

2

1 dered liberty within the 14th amendment to the

2 Constitution, as specified in Meyer v. Nebraska, 262

3 U.S. 390 (1923) and Pierce v. Society of Sisters,

4 268 U.S. 510 (1925);

5 (2) the role of parents in the raising and

6 rearing of their children is of inestimable value and

7 deserving of both praise and protection by all levels

8 of government;

9 (3) the tradition of western civilization recog-

10 nizes that parents have the responsibility to love,

11 nurture, train, and protect their children;

12 (4) some decisions of Federal and State courts

13 have treated the right of parents not as a fundamen-

41128458-000001-10-22-00



14 tal right but as a nonfundamental right, resulting in
15 an improper standard of judicial review being ap-
16 plied to government conduct that adversely affects
17 parental rights and prerogatives;
18 (5) parents face increasing intrusions into their
19 legitimate decisions and prerogatives by government
20 agencies in situations that do not involve traditional
21 understandings of abuse or neglect but simply are a
22 conflict of parenting philosophies;
23 (6) governments should not interfere in the de-
24 cisions and actions of parents without compelling
25 justification; and
•S 984 IS

3

1 (7) the traditional 4-step process used by courts
2 to evaluate cases concerning the right of parents de-
3 scribed in paragraph (1) appropriately balances the
4 interests of parents, children, and government.
5 (b) PURPOSES.—The purposes of this Act are—
6 (1) to protect the right of parents to direct the
7 upbringing of their children as a fundamental right;
8 (2) to protect children from abuse and neglect
9 as the terms have been traditionally defined and ap-
10 plied in State law, such protection being a compel-
11 ling government interest;
12 (3) while protecting the rights of parents, to ac-
13 knowledge that the rights involve responsibilities and
14 specifically that parents have the responsibility to
15 see that their children are educated, for the purposes
16 of literacy and self-sufficiency, as specified by the
17 Supreme Court in Wisconsin v. Yoder, 406 U.S. 205
18 (1972);
19 (4) to preserve the common law tradition that
20 allows parental choices to prevail in a health care de-
21 cision for a child unless, by neglect or refusal, the
22 parental decision will result in danger to the life of
23 the child or result in serious physical injury to the
24 child;
•S 984 IS



1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
4

(5) to fix a standard of judicial review for pa-
rental rights, leaving to the courts the application of the rights in particular
cases based on the facts of the cases and law as applied to the facts; and
(6) to reestablish a 4-step process to evaluate cases concerning the right of
parents described in paragraph (1) that—
(A) requires a parent to initially dem- onstrate that—
(i) the action in question arises from the right of the parent to direct the up-
bringing of a child; and
(ii) a government has interfered with or usurped the right; and
(B) shifts the burdens of production and
persuasion to the government to demonstrate that—
(i) the interference or usurpation is essential to accomplish a compelling
gov- ernmental interest; and
(ii) the method of intervention or usurpation used by the government is the
least restrictive means of accomplishing the compelling interest.
•S 984 IS

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15

41128458-000001-09-22-00

16
17
18
19
20
21
22
23
24
25

SEC. 3. DEFINITIONS.

As used in this Act:

(1) APPROPRIATE EVIDENCE.—The term ''appropriate evidence'' means—

(A) for a case in which a government seeks a temporary or preliminary action or order, ex- cept a case in which the government seeks to terminate parental custody or visitation, evi- dence that demonstrates probable cause; and

(B) for a case in which a government seeks a final action or order, or in which the govern- ment seeks to terminate parental custody or visitation, clear and convincing evidence.

(2) CHILD.—The term ''child'' has the meaning provided by State law.

(3) PARENT.—The term ''parent'' has the meaning provided by State law.

(4) RIGHT OF A PARENT TO DIRECT THE UP- BRINGING OF A CHILD.—

(A) IN GENERAL.—The term ''right of a parent to direct the upbringing of a child'' in- cludes, but is not limited to a right of a parent regarding—

(i) directing or providing for the edu- cation of the child;

•S 984 IS

5

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15


41128458-000001-09-22-00

16
17
18
19
20
21
22.
23
6

(ii) making a health care decision for
the child, except as provided in subpara- graph (B);
(iii) disciplining the child, including reasonable corporal discipline, except as provided in subparagraph (C); and
(iv) directing or providing for the reli- gious teaching of the child.
(B) NO APPLICATION TO PARENTAL DECI-
SIONS ON HEALTH CARE.—The term ''right of a parent to direct the upbringing of a child'' shall not include a right of a parent to make a decision on health care for the child that, by ne- glect or refusal, will result in danger to the life of the child or in serious physical injury to the child.
(C) NO APPLICATION TO ABUSE AND NE- GLECT.—The term ''right of a parent to direct the upbringing of a child'' shall not include a right of a parent to act or refrain from acting in a manner that constitutes abuse or neglect of a child, as the terms have traditionally been de- fined and applied in State law.

•S 984 IS

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

41128458-000001-08-22-00

24
25
26
7
SEC. 4. PROHIBITION ON INTERFERING WITH OR USURP- ING RIGHTS OF PARENTS.

No Federal, State, or local government, or any offi- cial of such a government acting under color of law, shall interfere with or usurp the right of a parent to direct the upbringing of the child of the parent.

SEC. 5. STRICT SCRUTINY.

No exception to section 4 shall be permitted, unless the government or official is able to demonstrate, by ap- propriate evidence, that the interference or usurpation is essential to accomplish a compelling governmental interest and is narrowly drawn or applied in a manner that is the least restrictive means of accomplishing the compelling in- terest.

SEC. 6. CLAIM OR DEFENSE.

Any parent may raise a violation of this Act in an action in a Federal or State court, or before an adminis- trative tribunal, of appropriate jurisdiction as a claim or a defense.

SEC. 7. DOMESTIC RELATIONS CASES AND DISPUTES BE- TWEEN PARENTS.

This Act shall not apply to—

(1) domestic relations cases concerning the ap- pointment of parental rights between parents in cus- tody disputes; or

(2) any other dispute between parents.

•S 984 IS

8
1 SEC. 8. ATTORNEY'S FEES.
2 Subsections (b) and (c) of section 722 of the Revised
3 Statutes (42 U.S.C. 1988 (b) and (c)) (concerning the
4 award of attorney's and expert fees) shall apply to cases
5 brought or defended under this Act. A person who uses
6 this Act to defend against a suit by a government de-
7 scribed in section 4 shall be construed to be the plaintiff
8 for the purposes of the application of such subsections.
Æ
•S 984 IS



UNITED STATES DISTRICT COURT

### Of Arizona

Kyle Timco                                    )
                                              )
_____              )
        *Plaintiff/Petitioner*                )        Civil Action No.
              v.                              )
Angela Kircher  Et All (other defendants on attatchment)
                                              )
_____              )
        *Defendant/Respondent*                )

Kyle Timco, et al.

Angela Kircher, et al.

Kyle Jordan TImco
5864572071
kylejordantimco@gmail.com
8808 Tamarack drive Shelby Township Michigan 48317
9/23/21

## LR 52.1: Proposed Findings and Conclusions

The attached document is The Federal Tort Claim Act, and a list of statues are laws that are relevant to this matter. This document clearly prevents any government official from having complete immunity from litigation.  I understand I stated that this case could be tried under section 242 but realized later that this is a criminal statue. I did attach several statues and laws that involve parental rights, that this case may also fall under. Any way you look at it my rights have been infringed upon, and I Have not been given a fair trial. Waiting for this case to finish, and then appealing the case is a horrible option, and These parties that are violating me should be held accountable, and any action against myself or my daughter should be prevented, before more financial and mental damage is caused.

A plaintiff suing the United States, however, may nonetheless encounter significant obstacles.[14] In accordance with a long-standing legal doctrine known as "sovereign immunity," a private plaintiff


41128458-000001-07-22-00

ordinarily may not file a lawsuit against a sovereign entity—including the federal government— unless that sovereign consents.[35] For a substantial portion of this nation's history, the doctrine of sovereign immunity barred citizens injured by the torts of a federal officer or employee from initiating or prosecuting a lawsuit against the United States.[36] Until 1946, "the only practical recourse for citizens injured by the torts of federal employees was to ask Congress to enact private legislation affording them relief"[37] through "private bills."[38]

Some, however, criticized the public bill system.[39] Not only did private bills impose "a substantial burden on the time and attention of Congress,"[40] some members of the public became increasingly concerned "that the private bill system was unjust and wrought with political favoritism."[41] Thus, in 1946, Congress enacted the FTCA,[42] which effectuated "a limited waiver of [the federal government's] sovereign immunity"[43] from certain common law[44] tort claims.[45] With certain exceptions and caveats discussed throughout this report, the FTCA authorizes plaintiffs to bring civil lawsuits

1. against the United States;
2. for money damages;
3. for injury to or loss of property, or personal injury or death;
4. caused by a federal employee's[46] negligent or wrongful act or omission;
5. while acting within the scope of his office or employment;

under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred.[47] Thus, not only does the FTCA "free Congress from the burden of passing on petitions for private relief"[48] by "transfer[ring] responsibility for deciding disputed tort claims from Congress to the courts,"[49] it also creates a mechanism to compensate victims of governmental wrongdoing.[50] In addition to this compensatory purpose, the FTCA also aims to "deter tortious conduct by federal personnel" by rendering the United States liable for the torts of its agents, thereby incentivizing the government to carefully supervise its employees.[51]

The FTCA does not itself create a new *federal cause of action* against the United States; rather, the FTCA waives the United States's sovereign immunity from certain types of claims that exist under *state tort law*.[52] Thus, in most respects, "the substantive law of the state where the tort occurred determines the liability of the United States" in an FTCA case.[53] In this way, the FTCA largely "renders the Government liable in tort as a private individual would be under like circumstances."[54]

Critically, however, "although the FTCA's waiver of sovereign immunity is significant and extensive, it is not complete."[55] To address "concerns . . . about the integrity and solvency of the public fisc and the impact that extensive litigation might have on the ability of government officials to focus on and perform their other duties," the FTCA affords the United States "important protections and benefits . . . not enjoyed by other tort defendants"[56] that are explained extensively below.[57] Moreover, to limit the fora in which a plaintiff may permissibly litigate a tort suit against the United States, Congress vested the federal district courts (as well as a small number of territorial courts) with exclusive jurisdiction over FTCA cases.[58] Furthermore, because Congress believed "that juries would have difficulty viewing the United States as a defendant without being influenced by the fact that it has a deeper pocket than any other defendant,"[59] FTCA cases that proceed to trial are generally "tried by the court without a jury."[60]

41128458-000001-07-22-00

The point of this is that even if the judge is somehow immune from being sued, the rest of the parties in this case are not immune since they are not officials in the government. The rest of this document covers extensively the reasons why officials in the government are not immune from being sued. Especially while acting under a color of law. The parties in my case are not allowed to lie, suppress evidence, or to infringe on my rights no matter what their governmental status may be, and a lot of the evidence will prove my claims.

41128458-000001-06-22-00

104TH CONGRESS 1ST SESSION

S. 984

To protect the fundamental right of a parent to direct the upbringing of a child, and for other purposes.

IN THE SENATE OF THE UNITED STATES

JUNE 29 (legislative day, JUNE 19), 1995

II

Mr. GRASSLEY (for himself, Mr. LOTT, Mr. HELMS, and Mr. COCHRAN) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

A BILL

To protect the fundamental right of a parent to direct the upbringing of a child, and for other purposes.

1 2 3 4 5 6 7 8 9

10

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, SECTION 1. SHORT TITLE.

This Act may be cited as the "Parental Rights and Responsibilities Act of 1995".

SEC. 2. FINDINGS AND PURPOSES.

(a) FINDINGS. —Congress finds that—

(1) the Supreme Court has regarded the right

of parents to direct the upbringing of their children as a fundamental right implicit in the concept of

1 ordered liberty within the 14th amendment to the

2 Constitution, as specified in Meyer v. Nebraska, 26

3 U.S. 390 (1923) and Pierce v. Society of Sisters,

4 268 U.S. 510 (1925);

5 (2) the role of parents in the raising and

6 rearing of their children is of inestimable value and

7 deserving of both praise and protection by all levels

8 of government.

9 (3) the tradition of western civilization

10 recognizes that parents have the responsibility to love,

11 nurtures, train, and protect their children.

12 (4) some decisions of Federal and State courts

13 have treated the right of parents not as a

14 fundamental rights but as a nonfundamental right, resulting in

15 an improper standard of judicial review being ap-

16 plied to government conduct that adversely affects

17 parental rights and prerogatives.

18 (5) parents face increasing intrusions into their

19 legitimate decisions and prerogatives by government

20 agencies in situations that do not involve traditional

21 understandings of abuse or neglect but simply are a

22 conflict of parenting philosophies.

23 (6) governments should not interfere in the

24 decisions and actions of parents without compelling

25 justifications; and

•S 984 IS

3

1 (7) the traditional 4-step process used by courts

2 to evaluate cases concerning the right of parents de-

3 scribed in paragraph (1) appropriately balances the

4 interests of parents, children, and government.

5 (b) PURPOSES. —The purposes of this Act are—

6 (1) to protect the right of parents to direct the

7 upbringings of their children as a fundamental right.

8 (2) to protect children from abuse and neglect

9 as the terms have been traditionally defined and ap-

10 plied in State law, such protection being a compel-

11 ling government interest.

12 (3) while protecting the rights of parents, to ac-

13 knowledge that the rights involve responsibilities and

14 specifically that parents have the responsibility to

15 see that their children are educated, for the purposes

16 of literacy and self-sufficiency, as specified by the

17 Supreme Court in Wisconsin v. Yoder, 406 U.S. 205

18 (1972);

19 (4) to preserve the common law tradition that

20 allows parental choices to prevail in a health care

41128458-000001-06-22-00

21 decisions for a child unless, by neglect or refusal, the
22 parental decisions will result in danger to the life of
23 the child or result in serious physical injury to the
24 child.
•S 984 IS

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
4
(5) to fix a standard of judicial review for pa-
rental rights, leaving to the courts the application of the rights in particular cases based on the facts of the cases and law as applied to the facts;
and
(6) to reestablish a 4-step process to evaluate cases concerning the right of parents described in paragraph (1) that—
(A) requires a parent to initially demonstrate that—
(i) the action in question arises from the right of the parent to direct the up- bringing of a child; and
(ii) a government has interfered with or usurped the right; and
(B) shifts the burdens of production and
persuasion to the government to demonstrate that—
(i) the interference or usurpation is essential to accomplish a compelling governmental interest; and
(ii) the method of intervention or usurpation used by the government is the least restrictive means of accomplishing the compelling interest.
•S 984 IS

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
SEC. 3. DEFINITIONS.
As used in this Act:
(1) APPROPRIATE EVIDENCE. —The term "ap-
propriate evidence" means—
(A) for a case in which a government seeks
a temporary or preliminary action or order, except a case in which the government seeks to terminate parental custody or visitation, evidence
that demonstrates probable cause; and
(B) for a case in which a government seeks a final action or order, or in which the government seeks to terminate parental custody or visitation,
clear and convincing evidence.
(2) CHILD. —The term "child" has the meaning
provided by State law.
(3) PARENT. —The term "parent" has the
meaning provided by State law.

41128458-000001-05-22-00

(4) RIGHT OF A PARENT TO DIRECT THE UP-

BRINGING OF A CHILD. —

(A) IN GENERAL. —The term "right of a

parent to direct the upbringing of a child" includes, but is not limited to a right of a parent regarding—

(i) directing or providing for the education of the child.

•S 984 IS

5

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
6

(ii) making a health care decision for

the child, except as provided in subparagraph (B);

(iii) disciplining the child, including reasonable corporal discipline, except as provided in subparagraph (C); and

(iv) directing or providing for the religious teaching of the child.

(B) NO APPLICATION TO PARENTAL DECI-

SIONS ON HEALTH CARE. —The term "right of a parent to direct the upbringing of a child" shall not include a right of a parent to decide on health care for the child that, by neglect or refusal, will result in danger to the life of the child or in serious physical injury to the child.

(C) NO APPLICATION TO ABUSE AND NEGLECT. —The term "right of a parent to direct the upbringing of a child" shall not include a right of a parent to act or refrain from acting in a manner that constitutes abuse or neglect of a child, as the terms have traditionally been de- fined and applied in State law.

•S 984 IS

1 2 3 4 5 6 7 8 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
7

SEC. 4. PROHIBITION ON INTERFERING WITH OR USURP- ING RIGHTS OF PARENTS.

No Federal, State, or local government, or any official of such a government acting under color of law, shall interfere with or usurp the right of a parent to direct the upbringing of the child of the parent.

SEC. 5. STRICT SCRUTINY.

No exception to section 4 shall be permitted, unless the government or official is able to demonstrate, by ap- propriate evidence, that the interference or usurpation is essential to accomplish a compelling governmental interest and is narrowly drawn or applied in a manner that is the least restrictive means of accomplishing the compelling interest.

SEC. 6. CLAIM OR DEFENSE.

Any parent may raise a violation of this Act in an action in a Federal or State court, or before an administrative tribunal, of appropriate jurisdiction as a claim or a defense.

SEC. 7. DOMESTIC RELATIONS CASES AND DISPUTES BE-

41128458-000001-05-22-00



TWEEN PARENTS.

This Act shall not apply to—

(1) domestic relations cases concerning the appointment of parental rights between parents in custody disputes; or

(2) any other dispute between parents.

•S 984 IS

8

1 SEC. 8. ATTORNEY'S FEES.

2 Subsections (b) and (c) of section 722 of the Revised

3 Statutes (42 U.S.C. 1988 (b) and (c)) (concerning the

4 awards of attorney's and expert fees) shall apply to cases

5 brought or defended under this Act. A person who uses

6 this Act to defend against a suit by a government de-

7 scribed in section 4 shall be construed to be the plaintiff

8 for the purposes of the application of such subsections.

Æ

•S 984 IS

41128458-000001-04-22-00



*Congressional*
*Research Service*
Informing the legislative debate since 1914

# The Federal Tort Claims Act (FTCA): A Legal Overview

Updated November 20, 2019

**Congressional Research Service**

https://crsreports.congress.gov

R45732

CRS REPORT
Prepared for Members and
Committees of Congress

41128458-000001-04-22-00

# Introduction

A plaintiff injured by a defendant's wrongful conduct may file a tort lawsuit to recover money from that defendant.[1] To name an especially familiar example of a tort, "a person who causes a crash by negligently driving a vehicle is generally liable to the victim of that crash."[2] By forcing people who wrongfully injure others to pay money to their victims, the tort system serves at least two functions: (1) "deter[ring] people from injuring others" and (2) "compensat[ing] those who are injured."[3]

Employees and officers of the federal government occasionally commit torts just like other members of the general public.[4] Until the mid-20th century, however, the principle of "sovereign immunity"—a legal doctrine that bars private citizens from suing a sovereign government without its consent—prohibited plaintiffs from suing the United States for the tortious actions of federal officers and employees.[5] Thus, for a substantial portion of this nation's history, persons injured by torts committed by the federal government's agents were generally unable to obtain financial compensation through the judicial system.[6]

Congress, deeming this state of affairs unacceptable, ultimately enacted the Federal Tort Claims Act (FTCA) in 1946.[7] The FTCA allows plaintiffs to file and prosecute certain types of tort lawsuits against the United States and thereby potentially recover financial compensation from the federal government.[8] Some FTCA lawsuits are relatively mundane; for instance, a civilian may sue the United States to obtain compensation for injuries sustained as a result of minor accidents on federal property.[9] Other FTCA cases, however, involve grave allegations of government misfeasance. For example, after naval officers allegedly sexually assaulted several

---

[1] *See, e.g.*, *Tort*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "tort" as "a civil wrong, other than breach of contract, for which a remedy may be obtained, usu[ally] in the form of [monetary] damages"). *See generally* CRS In Focus IF11291, *Introduction to Tort Law*, by Kevin M. Lewis (describing tort law, its purposes, and its relevance to Congress).

[2] Bryant Walker Smith, *Automated Driving and Product Liability*, 2017 MICH. ST. L. REV. 1, 66. *See also* Jeffrey Axelrad, *Federal Tort Claims Act Administrative Claims: Better Than Third-Party ADR For Resolving Federal Tort Claims*, 52 ADMIN. L. REV. 1331, 1332 (2000) (describing "an automobile accident" as a "paradigm" example of a tort).

[3] *E.g.*, Alberto Galasso & Hong Luo, *Tort Reform and Innovation*, 60 J.L. & ECON. 385, 386 (2017). *See also* John C. P. Goldberg, *Twentieth-Century Tort Theory*, 91 GEO. L.J. 513, 514–83 (2003) (discussing various scholarly accounts of the purposes of tort law).

[4] *See, e.g.*, Limone v. United States, 579 F.3d 79, 83 (1st Cir. 2009) (affirming district court's determination that several Federal Bureau of Investigation (FBI) agents committed various torts).

[5] *E.g.*, Paul Figley, *Ethical Intersections & The Federal Tort Claims Act: An Approach for Government Attorneys*, 8 U. ST. THOMAS L.J. 347, 348–49 (2011) [hereinafter Figley, *Ethical Intersections*] (explaining that "[f]or a century and a half, . . . the United States' sovereign immunity . . . protected it from suit[s]" filed by "citizens injured by the torts of federal employees").

[6] Axelrad, *supra* note 2, at 1332 ("Until the Federal Tort Claims Act was enacted in 1946, no general remedy existed for torts committed by federal agency employees."). *See also* Figley, *Ethical Intersections*, *supra* note 5, at 348 (explaining that, until 1946, "the only practical recourse for citizens injured by the torts of federal employees was to ask Congress to enact private legislation affording them relief").

[7] 28 U.S.C. §§ 1346(b), 2671–80. *See also, e.g., id.* §§ 2401(b), 2402 (additional provisions of the U.S. Code that apply in FTCA cases). *See also infra* "Background" (describing the circumstances leading to the FTCA's enactment in 1946).

[8] *See, e.g.*, 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.").

[9] *See, e.g.*, Gibson v. United States, 809 F.3d 807, 809–10 (5th Cir. 2016) (lawsuit seeking compensation for injuries the plaintiff allegedly sustained as a result of falling off a stepladder while exiting a trailer owned by the Federal Emergency Management Agency).



of [the federal government's] sovereign immunity"[43] from certain common law[44] tort claims.[45] With certain exceptions and caveats discussed throughout this report, the FTCA authorizes plaintiffs to bring civil lawsuits

1. against the United States;
2. for money damages;
3. for injury to or loss of property, or personal injury or death;
4. caused by a federal employee's[46] negligent or wrongful act or omission;
5. while acting within the scope of his office or employment;
6. under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred.[47]

Thus, not only does the FTCA "free Congress from the burden of passing on petitions for private relief"[48] by "transfer[ring] responsibility for deciding disputed tort claims from Congress to the courts,"[49] it also creates a mechanism to compensate victims of governmental wrongdoing.[50] In addition to this compensatory purpose, the FTCA also aims to "deter tortious conduct by federal

---

[43] *E.g.*, Evans v. United States, 876 F.3d 375, 380 (1st Cir. 2017), *cert. denied*, 139 S. Ct. 81 (2018).

[44] Notably, however, "the United States . . . has not rendered itself liable under [the FTCA] for *constitutional* tort claims." FDIC v. Meyer, 510 U.S. 471, 478 (1994) (emphasis added). *See also* Dianne Rosky, *Respondeat Inferior: Determining the United States' Liability for the Intentional Torts of Federal Law Enforcement Officials*, 36 U.C. DAVIS L. REV. 895, 942 n.166 (2003) ("Repeated subsequent attempts to pass legislation creating federal liability for constitutional torts have failed."). As a general matter, "federal constitutional claims for damages are cognizable only under" the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "which runs against individual governmental officers personally," Loumiet v. United States, 828 F.3d 935, 945 (D.C. Cir. 2016), or under the Tucker Act, which waives the government's immunity against certain types of constitutional claims under specified conditions. *See, e.g.*, Paret-Ruiz v. United States, 827 F.3d 167, 176 (1st Cir. 2016) (citing 28 U.S.C. § 1491(a)(1)). Nevertheless—and as explained below—even though constitutional tort claims are not themselves *actionable* under the FTCA, whether a government employee transgressed constitutional bounds while performing his duties may nonetheless inform whether an exception to the FTCA's general waiver of sovereign immunity bars a plaintiff's nonconstitutional tort claim. *See infra* notes 193–198 and accompanying text.

[45] In addition to the FTCA, other federal statutes may also allow persons to obtain compensation from the United States for injuries or property damage caused by an individual acting on the United States's behalf. *See, e.g.*, 10 U.S.C. § 2733(a) (allowing the armed forces to "settle[] and pay" certain "claim[s] against the United States for" property loss, personal injury, or death caused by an officer or employee of the armed forces); *id.* § 2734(a) (allowing the armed forces to "settle and pay" certain "claim[s] against the United States" brought by an "inhabitant of a foreign country" for property loss, personal injury, or death). *See generally* Lt. Cmdr. Clyde A. Haig, *Discretionary Activities of Federal Agents Vis-A-Vis the Federal Tort Claims Act and the Military Claims Act: Are Discretionary Activities Protected at the Administrative Adjudication Level, and to What Extent Should They Be Protected?*, 183 MIL. L. REV. 110, 110–50 (2005) (comparing 10 U.S.C. § 2733(a) to the FTCA).

[46] *See infra* "Employees and Independent Contractors."

[47] *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).

[48] Pfander & Aggarwal, *supra* note 33, at 424. *See also, e.g.*, Gray v. Bell, 712 F.2d 490, 506 (D.C. Cir. 1983) (noting that Congress enacted the FTCA "in the interest of providing a more efficient means of compensation" than "securing recompense by private bill").

[49] Figley, *Ethical Intersections*, *supra* note 5, at 347. *See also* Hershkoff, *supra* note 40, at 196 (explaining that the FTCA "by design shifted responsibility for disputes about government negligence from Congress to the Article III courts").

[50] Pfander & Aggarwal, *supra* note 33, at 424. *See also, e.g.*, Sutton v. United States, 819 F.2d 1289, 1292 (5th Cir. 1987) (explaining that Congress enacted the FTCA "to afford easy and simple access to the federal courts for persons injured by the activities of government" (quoting Collins v. United States, 783 F.2d 1225, 1233 (5th Cir. 1986) (Brown, J., concurring))).



41128458-000001-03-22-00

operations and to control the detailed physical performance of the contractor."[83] Thus, to illustrate, courts have typically determined that certified registered nurse anesthetists (CRNAs) working for federal hospitals qualify as employees under the FTCA.[84] These courts have justified that conclusion on the ground that CRNAs do not ordinarily enjoy broad discretion to exercise their independent judgment when administering anesthesia, but instead operate pursuant to the direct supervision and control of an operating surgeon or anesthesiologist working for the federal government.[85] By contrast, courts have generally held that because physicians who provide medical services at facilities operated by the United States often operate relatively independently of the federal government's control, such physicians ordinarily qualify as "independent contractors, and not employees of the government for FTCA purposes."[86]

## The *Boyle* Rule

Because the FTCA's prohibition against suits by individual employees does not insulate independent contractors from liability, a plaintiff injured by the tortious action of an independent contractor working for the federal government may potentially be able to recover compensation directly from that contractor.[87] Nevertheless, a plaintiff asserting a tort claim directly against a federal contractor may still encounter other obstacles to recovery. As the Supreme Court ruled in its 1988 decision in *Boyle v. United Technologies Corp.*, a plaintiff may not pursue state law tort

---

[83] *U.S. Tobacco*, 899 F.3d at 248 (quoting Wood v. Standard Prods. Co., 671 F.2d 825, 829 (4th Cir. 1982)) (internal quotation marks omitted).

[84] *See, e.g.*, Bird v. United States, 949 F.2d 1079, 1080 (10th Cir. 1991) ("[A]t the time in question the [certified registered nurse anesthetist] was not an independent contractor but was an employee of the government[.]"); *Bryant*, 2000 WL 33201357, at *11 (concluding that nurse anesthetist "was acting as an employee of the federal government within the meaning of the FTCA").

[85] *See Bryant*, 2000 WL 33201357, at *9 ("[T]he written policy and procedure of the Medical Center required either the chief anesthesiologist or the operating surgeon to exercise immediate clinical supervision of CRNAs . . . ."); *id.* at *9–10 ("[A] CRNA's ability to exercise his or her professional judgment is limited . . . [S]o long as the directions of the surgeon comply with standards of safe anesthesia practice, a CRNA is obligated to follow those directions even if he or she disagrees."); *id.* at *10 ("[T]he undisputed evidence of record demonstrates that CRNA Frane was subject to the supervision and control of operating surgeons when engaging in her activities as a nurse anesthetist. Unlike a physician, her actions in administering anesthesia were subject to the control of federal employees.").

[86] *Robb*, 80 F.3d at 890 (citing numerous cases). *See also Creel*, 598 F.3d at 212 (concluding that orthopedic surgeon who performed surgical procedure at Veterans Affairs Medical Center "was an independent contractor"). *Cf. Woodruff*, 389 F.3d at 1128 (holding that defendant physicians failed to prove they were federal employees for FTCA purposes).

That said, there is no *per se* rule "that a physician must always be deemed an independent contractor;" whether any particular physician hired by the government qualifies as an independent contractor depends on the facts of each case. *Robb*, 80 F.3d at 889. *See also* Ezekiel v. Michel, 66 F.3d 894, 903–04 (7th Cir. 1995) (concluding that "resident physician in training" was "an 'employee of the Government' for purposes of the FTCA").

Moreover, Congress has provided that, under specified circumstances, certain types of medical contractors qualify as employees of the federal government for the purposes of the FTCA. *See* Glenn v. Performance Anesthesia, P.A., No. 5:09-CV-00309-BR, 2010 WL 3420538, at *5 (E.D.N.C. Aug. 27, 2010), *aff'd*, Hancox v. Performance Anesthesia, P.A., 455 F. App'x 369 (4th Cir. 2011) ("[P]ursuant to the Gonzalez Act, health care providers who serve under a personal services contract authorized by the U.S. Secretary of Defense are deemed to be employees of the government for the purpose of disposing of personal injury claims."); 10 U.S.C. § 1089 (the Gonzalez Act).

[87] *See, e.g.*, *Creel*, 598 F.3d at 211–15 (concluding that, because individual physician at Veterans Affairs Medical Center was an independent contractor rather than an employee of the federal government, plaintiff's medical malpractice claim against that surgeon could proceed); *Woodruff*, 389 F.3d at 1125 (affirming denial of individual defendants' motion to dismiss the plaintiff's tort claims and to substitute the United States as the defendant on the ground that the defendants were "not 'federal employees'"); *Ezekiel*, 66 F.3d at 903–04 (concluding that if individual defendant was "an independent contractor rather than a federal employee," the plaintiff's case against the defendant could proceed).

41128458-000001-02-22-00



PLEASE NOTE: This fillable form is only fully compatible with Microsoft Internet Explorer.

CONFIDENTIAL
Arizona Commission on Judicial Conduct
1501 W. Washington Street, Suite 229
Phoenix, Arizona 85007

FOR OFFICE USE ONLY

## HOW TO FILE A COMPLAINT AGAINST A JUDGE

To file a complaint against a judge, complete this form and send it to the Commission on Judicial Conduct at the address above. The information you provide will be used to evaluate and investigate your allegations.

To learn more about the purpose and jurisdiction of the commission and the types of allegations it can investigate, read the enclosed brochure or visit our website at www.azcourts.gov/azcjc. A copy of the commission's rules and the Code of Judicial Conduct can be printed from the website.

Under the rules approved by the Arizona Supreme Court, complaints may be made public at the conclusion of their review by the commission or upon the filing of a formal complaint against a judge. If a complaint is dismissed, all personal information will be redacted from what is made public.

### *Please provide the following information*

1. Name: Kyle Timco

2. Mailing Address: 8808 Tamarack Drive Shelby Township Michigan 48317

   City: _____ State: _____ Zip Code: _____

3. Landline phone: 5864572071 Cell phone

4. Judge's name: Angela Kircher Location: Flagstaff

5. Court: ( ) municipal ( ) justice (●) superior ( ) court of appeals ( ) supreme court

6. Did you have a case before this judge? (●) Yes ( ) No. If yes, is the case still pending? (●) Yes
   ( ) No
   a. Case name and number: Sv 2021-00007

   b. List any attorneys who appeared in the case:
   Rhys Campbell, Colleen Contreras, Phillip Jay Mccarthy, Lisa Simpson

   c. List names and phone numbers of any witnesses who observed the judge's conduct:
   Sandra Timco 5866124290 Debra Metris 586 404 1444 Kyle Timco 5864572071

7. I understand the commission cannot reverse court orders or assign a new judge to a case: (●) Yes ( ) No

8. Please read the following statement and sign on the line below:

   **I affirm, under penalty of perjury, that the foregoing information and the allegations contained in the attached complaint are true.**

   Signature _____ Date 9-23-2021

   Sandra Timco    9-23-2021

41128458-000001-02-22-00

*CONFIDENTIAL*
Arizona Commission on Judicial Conduct
1501 W. Washington Street, Suite 229
Phoenix, Arizona 85007

*FOR OFFICE USE ONLY*

COMPLAINT AGAINST A JUDGE

Kyle Timco                                    Angela Kircher

Name: _____ Judge's Name: _____

Instructions: Use this form or plain paper of the same size to file a complaint. Describe in your own words what you believe the judge did that constitutes judicial misconduct. Be specific and list all of the names, dates, times, and places that will help the commission understand your concerns. Additional pages may be attached along with copies (not originals) of relevant court documents. Please complete one side of the paper only, and keep a copy of the complaint for your records.

On august 15th there was a hearing "held off the record" through a zoom call where my former attorney Collen Contreras, resigned because she refused to dispute certain allegations of abuse, and she also refused to decline a choice of a social worker from the opposing party. That day judge Angela Kircher told me that correct affidavits needed to be submitted online at an email address that she provided. She also advised me not to file this paper work myself even though I did not receive counsel on that day. She said the documents needed to be submitted by august 23, 2021. I followed Her instructions submitted the documents to the email that was provided, it was Coconinot36@courts.az.gov. She did not tell me to mail physical copies to the court, as she should have, and on top of that, she gave me contradicting instuctions telling me that i shouldnt be submitting documents on my own, and that it is very hard to represent myself. She also made contradicting ambiguous statements saying your not represented by counsel, than saying well actually i am represented by counsel, though an attorney just has not been assigned to me. On the 23rd the day that the correct documents were due, even though all documents were already submitted to the court by my previous attorney. I was forced to submit these documents myself because on the 23rd, the opposing party emailed me and said Rhys was my attorney and also gave me his number. I called the defenders office that day and couldn't get through to anybody. I didn't speak to rhys untill the 25th. So i was forced to submit the documents to the address listed above. The address was spelled wrong so i corrected it, and it still didn't work. So i called the judges assitant right away, and she specifically gave me the email address akircher@courts.az.gov. I sent the documents to that email , and again was not instructed to send the documents through regular mail. SInce than the judges assitant has said that she never gave me that email even though, its a working email, and Angela Kircher removed me from the hearing, and never gave me an opportunity to explain the scenario and problems i was faced with. She has allowed the opposing party to supress my evidence, and she gave me wrong and misleading instructions, as well as the instructions that the judges assitant denied she gave me. I am not recieving a fair trial what soever, and i have already purchased the tickets to fly to Flagstaff on October 1st 2021. This is the second complaint letter i have written, and not only have i not been given a fair trial, i apparently have not been given a fair judge, or a fair attorney. This whole thing is completely unfair, unjust and is an infringement on so many of my parental and civil rights. She has mentioned how important it is that i recieved a fair trial, though her actions clearly show otherwise. This is the second complaint i have filed against her, and im hoping something can actually be done this time.

41128458-000001-01-22-00

*CONFIDENTIAL*

Arizona Commission on Judicial Conduct
1501 W. Washington Street, Suite 229
Phoenix, Arizona 85007

*FOR OFFICE USE ONLY*

## COMPLAINT AGAINST A JUDGE

Kyle Timco                                                        Angela Kircher

Name: _____        Judge's Name: _____

**Instructions:** Use this form or plain paper of the same size to file a complaint. Describe in your own words what you believe the judge did that constitutes judicial misconduct. Be specific and list all of the names, dates, times, and places that will help the commission understand your concerns. Additional pages may be attached along with copies (not originals) of relevant court documents. Please complete one side of the paper only, and keep a copy of the complaint for your records.



41128458-000001-01-22-00

3